FILED '10 NOV 05 13:23 USDC-ORE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| TM COMPUTER CONSULTING, INC., an Oregon corporation, ) ) ) | |
| Plaintiff, ) ) ) | Civil No. 08-6267-HO |
| v. ) ) | ORDER |
| APOTHACARE, LLC, a Washington liability company, and MATTHEW REED, an individual, ) ) ) ) | |
| Defendants. ) ) | |

    Plaintiff, TM Computer Consulting, creates software products for the pharmaceutical industry through its "Apothacare" line of products and provides support services with respect to the software. Plaintiff created software called pharmacist's companion for its Apothacare line.

    Defendant Mat Reed contends that plaintiff approached him with the idea of selling him the Apothacare portion of its business. Reed

started a new business, defendant Apothacare, LLC, with the apparent belief that he would purchase the Apothacare portion of plaintiff's business. Instead, Apothacare, LLC became the exclusive value added retailer (VAR) for plaintiff. Plaintiff thus entered into a marketing licensing agreement allowing defendant Apothacare, LLC to use plaintiff's intellectual property (pharmacist's companion), to market the software, provide customer support and code enhancements.

The parties initially agreed on a one year period and added a six month extension. The agreement expired on June 30, 2008. The agreement provided that upon expiration:

> ...notwithstanding termination of this Agreement VAR shall retain the right to continue to support Authorized End-User Copies **that have been completed, marketed, and installed** pursuant to the VAR license **prior to the effective date of termination,** subject to continued payment of applicable royalties to the Owner.

Agreement at ¶ 12.4 (emphasis added).

The parties dispute the meaning of this survival provision. Plaintiff asserts that defendants are marketing and supporting pharmacist's companion contrary to any rights they have under the contract. Plaintiff filed this action asserting unfair competition, trademark infringement, trade libel, and cybersquatting among other claims. The court previously granted plaintiff's request for a preliminary injunction:

> Plaintiff's requested injunctive relief goes well beyond what is necessary to preserve the status quo and its somewhat weak marks. At this stage of the proceedings, the court is not willing to force defendant to give up the apothacarellc.com domain. Moreover, the court is not

2 - ORDER

willing to dictate from which customers defendant can not accept payment, so long as it is made clear in defendants' continuing service of authorized end-users that it may not provide service beyond version 2.6.17 and Patch M only to customer copies installed prior to June 30, 2008. To that end, defendant shall be required to post in a conspicuous manner on the main page of its website at www.apothacarellc.com that:

> Apothacare, LLC is no longer associated with TM Computer Consulting and its Apothacare line of software. As of June 30, 2008, Apothacare, LLC is no longer authorized to supply or support end-users of Pharmacist's Companion who did not have a licensed copy of Pharmacist's Companion installed on any given computer as of that date. Authorized users with copies of the software as of that date should still continue to utilize Apothacare, LLC, for support up to and including version 2.6.17 and Patch M of Pharmacist's Companion and in the event the authorized software becomes corrupted or otherwise unusable on any computer licensed to use the software, Apothacare, LLC will provide support in correcting or reinstalling the software. All other users/potential users of Pharmacists's Companion are directed to TM Computer Consulting which operates at www.apothacare.com as Apothacare.

Defendants shall also refrain from operating a website under the domain name www.apothacaresoftware.com. Defendants shall remove the link providing unprotected access to a license key for Pharmacist's Companion. Other than continuing to operate as Apothacare, LLC as limited above, defendants shall refrain from using the Apothacare mark in any manner and shall refrain from soliciting/servicing clients for Pharmacists' Companion beyond those identified above. To the extent defendants are contacted by any customers for Pharmacist's Companion in a manner different than through the website apothacarellc.com, they shall provide the notice required above. Defendants are also enjoined from disclosing any of plaintiff's confidential and proprietary information and trade secrets related to Pharmacist's Companion.

3 - ORDER

The court also found defendants in contempt for violating the injunction by failing to make the required statement when contacted by customers for pharmacists' companion and by using the Apothacare mark beyond Apothacare, LLC. Moreover, defendants stated to a customer that defendants could provide new software to an existing customer, which would be a violation of the injunction. The court also extended the preliminary injunction to prohibit defendants' further support of Pharmacist's Companion to any clients whether previously served or not.

Defense counsel withdrew from the case without responding to a pending motion for summary judgment. The court granted defendant 30 additional days to respond to the motion for summary judgment and warned defendant that a failure to respond would result in the granting of the motion for summary judgment.

Defendant responded with a motion for appointment of pro bono counsel and motion for alternative dispute resolution (#106). Given the nature and posture of the case and the court's previous rulings, the appointment of counsel is not necessary and mediation would not be beneficial. The motion is denied.

Defendant also filed a motion to dismiss plaintiff's motion for summary judgment (#108) asserting that plaintiff failed to make a sufficiently good faith effort to resolve the motion for summary judgment prior to filing it. The lack of a conferral, to defendant's satisfaction, does not demonstrate that summary judgment is

inappropriate in this case and the motion to dismiss the summary judgment motion is denied.

Defendant has not responded to the substance of the motion for summary judgment. For the reasons stated in plaintiff's memorandum in support of summary judgment (#96) and because defendant has failed to follow the court's order, the motion for summary judgment is granted. Judgment is granted in favor of plaintiff on its breach of contract, copyright infringement, unfair competition, cybersquatting, and trade libel claims. Plaintiff shall indicate in writing, within 30 days, whether it wishes to proceed on its remaining claims or have a judgment entered concluding this case.

## CONCLUSION

For the reasons stated above, defendant's motion for appointment of pro bono counsel and motion for alternative dispute resolution (#106) is denied, defendant's motion dismiss plaintiff's motion for summary judgment (#108) is denied and plaintiff's motion for partial summary judgment (#95) is granted.

DATED this 4th day of November, 2010.

*Michael R. Hogan*
United States District Judge